*160
 
 Battle, J.
 

 The 1st section of the 3d chapter of the Rev. Code enacts that “ the court, in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in • form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered thereon.” The liberality with which the courts have allowed amendments under this provision is well known, and has been' universally approved. It has been forcibly said, “ that under it any thing-may be amended at any time.” In the case of
 
 Lane
 
 v.
 
 Seaboard and Roanoke R. R. Co.,
 
 5 Jon., 26, it was held that where a person was arrested under a wrong name, the plaintiff might amend the process by inserting the right one. If that be so, surely an amendment ought to be allowed, whether the defendant lias been proceeded against in a name which he used in making the very contract which was the ground of the suit, though it was not his name in full. Nor can it make any difference that the proceeding is by attachment instead of a regular suit. In the case of the
 
 State Rank
 
 v.
 
 Hinton,
 
 1 Dev. 397, after the defendant had filed a plea in abatement, that the plaintiff had failed to give bond and make affidavit, and have them returned to court, to which the plaintiff demurred, he was permitted to withdraw his demurrer, and file,
 
 nunc fro tunc,
 
 a bond and affidavit which had been respectively given and made, and which the justice of the peace had failed to return. In thin way the fatal defect of the non-return of the bond and .affidavit was remedied, to the manifest furtherance of the justice of the case. In like manner the error (if error it were) of suing the defendant Tliorburn'in the name of C. E Thor-burn instead of Charles E. Thorburu, was properly permitted to be cured in the court below by the amendment which was there allowed.
 

 The decision of the question of amendment in favor of the plaintiff precludes the necessity of saying any thing
 
 *161
 
 about tbe plea in abatement for misnomer, which the defendant proposed to file. The interlocutory order made in the Superior Court is affirmed.
 

 Per Curiam. Order affirmed.